```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    BLUEFIELD DIVISION
```

**DAVE THOMAS HORN,**

    **Petitioner,**

**v.**                                   **Civil Action No. 1:07-00503**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex**,

    **Respondent.**

## MEMORANDUM OPINION

Pending before the court is petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) and respondent's motion for summary judgment (Doc. No. 10). By standing order filed in this case on August 14, 2007, this matter was referred to Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 3.) Magistrate Judge VanDervort submitted his Proposed Findings and Recommendation ("PF & R") on February 26, 2009, and recommended that this court grant respondent's motion and remove this matter from the court's active docket. (Doc. No. 16.)

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's PF & R. After receiving an extension from the court, petitioner submitted

his objections on March 24, 2009 (Doc. No. 19), and the court has now conducted its *de novo* review.

## I. **Background**

Because petitioner adopted by reference the procedural and factual history as detailed in the PF & R (Doc. No. 19 at 2), the court dispenses with a recitation of the same.  Suffice it to say, petitioner is in custody as a result of his April, 2001, conviction in the Circuit Court of McDowell County, West Virginia, for Murder of the Second Degree.[1]  (Doc. No. 10 Ex. 1.) Although he was initially sentenced to a determinate term of forty years imprisonment in May 2001, the Circuit Court later resentenced petitioner on January 14, 2002, and again on February 27, 2004, solely to reinstate the time period to petition the Supreme Court of Appeals of West Virginia for appeal of the judgment.  (Doc. No. 10 Ex. 3 at 21-22.)  His petition for appeal was denied by that court on June 29, 2004.  (Id. at 17.)

---

[1] West Virginia Code § 61-2-1 defines murder as follows: "Murder by poison, lying in wait, imprisonment, starving, or by any willful, deliberate and premeditated killing, or in the commission of [certain felonies], is murder of the first degree. All other murder is murder of the second degree."  The mens rea necessary to establish second degree murder is malice.  State v. Scott, 522 S.E.2d 626, 633 (W. Va. 1999).

## II. **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), the court must conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." This *de novo* review is not triggered, however, where a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Petitioner's prior state court habeas action also affects the court's review. Horn filed a *pro se* Petition for Writ of Habeas Corpus in the Circuit Court of McDowell County on January 31, 2005. (Doc. No. 10 Ex. 4.) He was appointed counsel in February 2005, and his appointed attorney subsequently filed a supplemental petition on his behalf. (Id.) Following an omnibus hearing, the Circuit Court denied the habeas petition on the merits in an order dated May 30, 2006. (Id. at 58-78.) Petitioner's attorney appealed the order to the West Virginia Supreme Court, but the appeal was refused on January 10, 2007. (Doc. No. 10 Ex. 5.)

In this § 2254 action attacking the State court's judgment, the court may not grant habeas relief with respect to any claim

that was adjudicated on the merits in the State court habeas proceedings, unless the State court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Pursuant to § 2254(e), the State court's determination of factual issues is subject to a presumption of correctness which petitioner may rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. Analysis

#### A. Timeliness of the § 2254 Petition

Although respondent does not raise the timeliness of the instant petition as an affirmative defense – indeed his response appears to concede that the suit was timely filed – the magistrate judge addressed the issue sua sponte pursuant to Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). (Doc. No. 16 at 17-22.) In Hill, the Fourth Circuit Court of Appeals explained that district courts have discretion to raise the timeliness of a petition under § 2254, an issue ordinarily deemed an affirmative defense, because § 2254 actions "implicate considerations of comity, federalism, and judicial efficiency to a degree not

-4-

present in ordinary civil actions.  These interests eclipse the immediate concerns of the parties and provide federal habeas courts the discretionary authority to raise affirmative defenses that have not been preserved by the state."  Hill, 277 F.3d at 705.

Citing a number of cases including Teas v. Endicott, 494 F.3d 580 (7th Cir. 2007), and Salinas v. Dretke, 354 F.3d 425 (5th Cir. 2004), the magistrate judge concluded that the 2004 reinstatement of petitioner's appeal rights did not restart the one-year limitations period provided in 28 U.S.C. § 2244(d) for filing of his federal habeas action.  (Doc. No. 16 at 19-20.)  In Salinas, the Fifth Circuit Court of Appeals concluded that a State court's consideration of a belated appeal did not constitute direct review so as to restart the § 2244(d) limitations period, because the defendant had obtained the right to file the appeal out of time through State habeas proceedings. Salinas, 354 F.3d at 429-30 ("So long as the petitioner is being held pursuant to the same state court judgment, nothing in [§ 2244(d)] allows for a properly initiated limitations period to be terminated altogether by collateral state court action.").

In Frasch v. Peguese, 414 F.3d 518, 522-23 (4th Cir. 2005), however, the Fourth Circuit Court of Appeals rejected the approach to calculating the limitations period used by the Fifth

Circuit in <u>Salinas</u>, and held that "the nature of the [State court] review is key to determining whether it was collateral or direct." <u>Id.</u> (concluding that petitioner was in the same procedural posture as if he had timely pursued a direct appeal, and that his federal habeas action was not time-barred). The order of the McDowell County Circuit Court does not indicate through which avenue petitioner was able to obtain reinstatement of his appellate rights. (Doc. No. 10 Ex. 3 at 21-22.) It appears, however, that both the Circuit Court and the State Supreme Court addressed the ensuing appeal as though it were a timely-filed petition for direct review. As such, pursuant to <u>Frasch</u>, the court deems the instant action to have been brought within the one-year limitations period provided in § 2244(d).

**B.   Sufficiency of the Evidence**

The first ground upon which petitioner seeks relief is that there was insufficient evidence of malice to support his conviction for second degree murder, and that the jury inappropriately drew an inference of malice from his use of a deadly weapon in committing the offense. (Doc. No. 1 at 5.) The magistrate judge reviewed the Circuit Court's thorough analysis of the issue in petitioner's State habeas proceeding, as well as the elements required under West Virginia law to establish murder in the second degree. (Doc. No. 16 at 22-24.) The magistrate

judge then explained the standard for sufficiency of the evidence set forth in Jackson v. Virginia, 443 U.S. 307 (1979), which inquires whether, viewing the evidence favorably to the prosecution, "'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (Doc. No. 16 at 25 (citations omitted).)  Considering the evidence presented at petitioner's trial, the magistrate judge concluded that the "State habeas court's decision was neither contrary to, nor an unreasonable application of clearly established federal law."  (Id. at 26.)

Petitioner objects that the State habeas court incorrectly drew an inference of malice from petitioner's use of a deadly weapon pursuant to State v. Carey, 558 S.E.2d 650 (W. Va. 2001), which was decided after petitioner's trial. (Doc. No. 19 at 7-11.)  He further objects, pursuant to Carey, that the evidence demonstrated that there was "legal justification, excuse or provocation" such that "the inference of malice does not arise and malice must be established beyond a reasonable doubt independently without the aid of the inference." (Id. at 7.)  He proceeds to dissect the evidence and conclude that it was insufficient to establish malice without the aid of the inference discussed in Carey.  (Id. at 9-11.)

-7-

To the extent petitioner objects to any consideration of Carey due to the issuance of that opinion after his trial, the court notes that the point of law for which Carey was cited by the State habeas court was first developed in an earlier case, State v. Miller, 476 S.E.2d 535 (W. Va. 1996). Regardless, the State habeas court was clear in its decision that the prosecution had proved malice beyond a reasonable doubt even without reliance on the inference. (Doc. No. 10 Ex. 6 at 69-71.) In support, the State court cited the trial testimony of Samual Amos that petitioner shot the victim while he was unarmed and standing "completely across" a bridge from petitioner. (Id.) The court also noted the testimony of Douglas Asbury that he and the victim were getting into their truck to leave the area when the victim was shot while unarmed and from what sounded like a "pretty good distance away." (Id.) The court then detailed additional evidence corroborating the above testimony. (Id.)

Petitioner argues that the evidence, including the testimony of Ebbie Rambo and petitioner's wife, Michelle Horn, supported a finding that he shot the victim in defense of Ebbie Rambo. (Doc. No. 19 at 10.) As the State court observed, however, Rambo admitted that he did not see where the victim was when he was shot, and that he did not see anyone pointing a shotgun before the shot was fired. (Doc. No. 10 Ex. 6 at 69-71.) Additionally,

-8-

the State Trooper who arrived on scene just after the shooting testified that the shotgun petitioner contends the victim had was located in the back of the truck. (Id.) Applying the standard from Jackson, supra, the State habeas court's conclusion that the evidence was sufficient to establish malice was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence at trial. Petitioner's objection on this point is **OVERRULED**.

C.  **Motion for Continuance**

Petitioner's second ground for relief is that the trial court erred in denying his motion for a continuance to obtain an independent evaluation of the gunshot residue test results indicating that the victim had not fired a gun. (Doc. No. 1 at 6.) In considering petitioner's argument, the magistrate judge cited Hill v. Ozmint, 339 F.3d 187 (4th Cir. 2003), in which the Fourth Circuit set forth the elements necessary to establish that a trial court's denial of a continuance amounts to a constitutional violation:

> First, he must establish that the trial court "abused its discretion" in denying his continuance motion. Ungar v. Sarafite, 376 U.S. 575, 588-89, 11 L. Ed. 2d 921, 84 S. Ct. 841 (1986); Morris v. Slappy, 461 U.S. 1, 11, 75 L. Ed. 2d 610, 103 S. Ct. 1610 (1964). Although a "matter of continuance is traditionally within the discretion of the trial judge," a trial

> court is not entitled to deny a continuance because of a "myopic insistence upon expeditiousness in the face of a justifiable request for delay." Ungar, 376 U.S. at 589. Second, to be entitled to relief, the defendant must establish that the trial court's erroneous ruling prejudiced his defense. United States v. Colon, 975 F.2d 128, 130, 131 (4th Cir. 1992).

Hill, 339 F.3d at 196-97.

As the magistrate judge noted, although the state turned over the gunpowder residue test results promptly, defense counsel did not receive them until a few days later due to his malfunctioning fax machine. (Doc. No. 16 at 29.) He acknowledged, however, that the prosecution had informed him that the results were negative the week before he discovered the problem with the fax machine, and that the prosecution had not violated any discovery deadlines. (Id.) The magistrate judge therefore found that petitioner had failed to establish the first Hill factor. Because there was no evidence whatsoever that the victim had fired a shot, the magistrate judge also found that petitioner had failed to establish the second Hill factor, that of prejudice to his defense. (Id. at 31-32.)

Petitioner objects that there is no evidence discrediting the results of the gunpowder residue test "because the trial court denied defense counsel a reasonable opportunity to secure an independent test or have the results of the Gun Powder Residue test examined by a defense expert." (Doc. No. 19 at 12.) He

-10-

argues that prevailing notions of fundamental fairness under the Due Process Clause of the Fourteenth Amendment require that criminal defendants be afforded a meaningful opportunity to present a complete defense, and that he was deprived of that opportunity by the denial of a continuance. (Id.) He does not address either of the Hill factors applied in the PF & R, which the court must consider in determining whether petitioner's constitutional rights were infringed. Finding no error in the magistrate judge's analysis on this point, the court **OVERRULES** petitioner's objection.

D. **Ineffective Assistance of Counsel**

Petitioner's third ground for collateral relief is that his defense counsel was ineffective (1) in failing to offer a jury instruction on a third-party defense, and (2) in advising petitioner not to testify.[2] (Doc. No. 1 at 9.) Claims of ineffective assistance of counsel are subject to the two-pronged standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), requiring petitioner to show (1) that his counsel's performance was so deficient as to fall below an objective

---

[2] Petitioner's objections on this second issue also argue that his counsel ineffectively advised him with respect to the decision to plead not guilty. (Doc. No. 19 at 16-18.) It appears that this is the first instance in these proceedings in which petitioner has made this argument, which is beyond the scope of his petition. (See Doc. No. 1 at 9.)

-11-

standard of reasonableness, and (2) that the deficiency resulted in prejudice sufficient to render the results of the trial unreliable. Id. A presumption of reasonableness applies to counsel's performance, and the court's review of counsel's strategic decisions is highly deferential. Id. at 689.

**1. Counsel's Failure to Offer Defense-of-Other Instruction**

The magistrate judge observed that the State habeas court applied the Strickland test to counsel's decision not to offer a third-party defense instruction, and concluded that petitioner had not established the second element of prejudice. (Doc. No. 16 at 33-34.) Petitioner objects that there is a "palpable possibility" that the jury would have convicted him of the lesser offense of voluntary manslaughter if it had been given the instruction. (Doc. No. 19 at 14.) He further argues that the jury was prevented from properly considering the complete theory of the defense when the trial court failed to instruct the jury on any of the justification defenses, including self-defense, defense of other, and defense of habitation. (Id. at 15.)

As the magistrate judge noted, the trial court did instruct the jury on the issue of self-defense. (Doc. No. 10 Ex. 6 at 40-42.) Moreover, a defense of habitation instruction would have been inapplicable and unavailing under the circumstances, as it holds that "[a] man attacked in his own home by an intruder may

-12-

invoke the law of self-defense without retreating." State v. Preece, 179 S.E. 524, syl. pt. 4 (W. Va. 1935).

Finally, as petitioner acknowledges, petitioner's argument that a defense-of-other instruction was due relies in part on his contention that the prosecution failed to produce sufficient evidence of malice beyond a reasonable doubt without the benefit of the deadly weapon inference. (Doc. No. 19 at 13.) As explained above, there was ample evidence from which a jury could find, beyond a reasonable doubt, that petitioner acted with the malice required to establish second degree murder. Both the State habeas court and the magistrate judge correctly concluded that petitioner has failed to establish the prejudice required by Strickland, and his objection is therefore **OVERRULED**.

2. **Counsel's Advice Not to Testify**

With respect to counsel's advice not to testify, the magistrate judge concluded that petitioner failed to satisfy either prong of the Strickland analysis. (Doc. No. 16 at 36-37.) The magistrate judge noted that counsel's advice not to testify "is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance," and that petitioner offers nothing more than speculation that he might have been acquitted or convicted of a lesser offense if he had

testified at trial.  (Id. (quoting Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983).)

Petitioner objects that his attorney's advice "regarding whether he should testify was predicated on a basic misperception of the consequences of the trial . . . that his client could be convicted of no offense greater than voluntary manslaughter." (Doc. No. 19 at 18.)  Petitioner refers to his testimony at the State habeas hearing that his trial counsel had advised him to go to trial because the jury would find him guilty of voluntary manslaughter "at the most."[3]  (Doc. No. 10 Ex. 4 at 17.)  To satisfy the Strickland standard, however, petitioner must demonstrate that any deficiency on the part of his attorney prejudiced him such that the results of the trial are rendered unreliable.  He presents nothing to indicate that his testimony might have altered the outcome of the trial in any way.  Accordingly, his objection is **OVERRULED**.[4]

---

[3]  The court notes that petitioner was advised fully by the State trial court of his right to testify and right not to testify. (Doc. No. 10 Ex. 6 at 12-13.)

[4]  Although petitioner's objections contain section titled "E. Defective Indictment," petitioner merely quotes a passage from the State habeas court's opinion finding that the indictment in his case was not defective.  (Doc. No. 19 at 18.)  The court has therefore not conducted a *de novo* review of this portion of the magistrate judge's PF & R.  (See Doc. No. 16 at 38-40.)

### IV. Conclusion

For the reasons set forth above, the court hereby **ADOPTS IN PART** the findings and conclusions contained in the magistrate judge's PF & R (Doc. No. 16; **OVERRULES** petitioner's objections thereto (Doc. No. 19); **GRANTS** respondent's motion for summary judgment (Doc. No. 10); and, in an accompanying Judgment Order, **DISMISSES** petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. Nos. 1).

The Clerk is directed to remove this matter from the court's active docket and to forward a copy of this Memorandum Opinion to all counsel of record and petitioner, pro se.

**IT IS SO ORDERED** this 31st day of March, 2009.

ENTER:

David A. Faber
Senior United States District Judge